# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FIGUEROA and MARY JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | CASE NO. 18cv0692 JM(BGS)<br><br>ORDER DENYING MOTION TO DISMISS |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Capital One, N.A. ("Capital One") moves to dismiss all claims alleged in the First Amended Complaint ("FAC"). Plaintiffs Jacob Figueroa and Mary Jackson (collectively "Plaintiffs") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to dismiss the breach of contract claim and defers ruling on the remainder of Plaintiffs' claims until a later date.

## BACKGROUND

Filed on May 30, 2018, the FAC alleges eight causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) conversion, (4) unjust enrichment, (5) violation of the unfair prong of California's Unfair Competition Law, Cal. Bus. And Prof. Code § 17200, et seq. ("UCL"), (6) violation of the fraudulent prong of the UCL, (7) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1770 et seq. ("CLRA"), and (8) violation of the New York

Consumer Protection Act, N.Y. Gen. Bus Law §§ 349-350. Plaintiffs bring this action on behalf of themselves and six purported classes— two national classes and two state-specific sub-classes within each national class based upon the imposition of two out-of-network Automatic Teller Machine ("ATM") fees by Capital One: one for a balance inquiry and another in conjunction with a cash withdrawal. (FAC ¶¶53-56).

In broad brush, Plaintiffs challenge Capital One's fee structure as applied to out-of-network ATMs. Plaintiffs used their Capital One ATM card at out-of-network ATMs in California and New York. Plaintiffs allege that they were wrongfully charged a fee by Capital One when performing an account balance inquiry and then, in conjunction with the balance inquiry, charged another fee for the cash withdrawal. For a $20 cash withdrawal, Plaintiffs paid $4 in fees to Capital One ($2 for the balance inquiry and $2 for the cash withdrawal). Plaintiffs do not challenge the fee charged by the out-of-network ATM nor the fee charged by Capital One for a cash withdrawal, unless the consumer also makes a balance inquiry. As explained by Plaintiffs, "Plaintiffs' claims concern the fact that Capital One charges two of these [out-of-network] Fees for simple, 30-second ATM interactions when a 'balance inquiry' is performed in conjunction with a cash withdrawal." (Oppo. at p.1:10-13). Plaintiffs seek a declaration that Capital One's fee policies and practices are wrongful, unfair, and unconscionable; restitution of all ATM fees; disgorgement of alleged ill-gotten gains; actual damages; punitive damages; prejudgment interest; and attorneys' fees.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Choice-of-Law Provision**

Before addressing the merits of the motion, Capital One asserts that the contractual choice-of-law provision, choosing New Jersey state law, applies to the parties' contractual relationship. Plaintiffs argue that either California or New York state law should apply to the parties' relationship because those were the states of their residence at the time of the ATM withdrawals.

Federal courts look to the law of the forum state in resolving choice-of-law issues. See <u>Ticknor v. Choice Hotels Intern., Inc.</u>, 265 F.3d 931, 937 (9th Cir. 2001);

Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir. 1988). "In determining the enforceability of . . . contractual choice-of-law provisions, California courts shall apply the principles set forth in the Restatement (Second of Conflict of Laws) section 187 which reflects a strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464 (1992). Section 187 provides, in pertinent part, that:

> The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . .
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the role of section 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (2d) of Conflict of Laws §187(2) (1988). In determining the enforceability of a contractual choice-of-law provision, the court must first determine (1) whether the chosen state has a substantial relationship to the parties or transaction or (2) whether there is any other reasonable basis for the parties' choice of law. If either test is met, then the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. If there is no conflict, the court must enforce the parties' choice of law provision. If there is a fundamental conflict with California law, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue. If California has a materially greater interest, then the choice-of-law provision will not be enforced. See Nedlloyd, 3 Cal.4th at 464-466.

The applicable Rules Governing Deposit Accounts ("Rules"), effective August 22, 2014, provides the following choice-of-law provision: "Applicable federal law will decide any questions under these Rules, or if no federal law exists, applicable state law (the state where your account was established)." (Stainback Decl. Exh. A, p.2). Accordingly, there is a reasonable basis for the parties' choice of law provision because Plaintiffs resided in New Jersey at the time the accounts were opened with Capital One.

Here, there does not appear to be any conflict between California or New Jersey state law, as least with respect to the common law claims. As no conflict is apparent, and the parties fail to identify one, the court applies New Jersey state law, unless otherwise noted.

**The Breach of Contract Claim**

The court concludes that an informed ruling on Plaintiffs' breach of contract claim requires further development of the record and legal analysis. As this case is in its infancy, a limited amount of discovery regarding the breach of contract claim will assist the parties and the court in reaching an informed analysis on this claim, as well as its impact, if any, on the remainder of Plaintiffs' claim.

In large part, Capital One argues that the parties' contract permits it to charge an out-of-network fee for a balance inquiry and another separate fee for the cash withdrawal. Plaintiffs take the opposite position and allege that Capital One breached its contractual obligations.

The elements of a breach of contract require "a valid contract, defective performance by the defendant, and resulting damages." Coyle v. Englander's, 199 N.J. Super. 212, 223 (App. Div. 1985). Contract interpretation is a matter of law for the court to decide. Camden Bd. of Educ. v. Alexander, 181 N.J. 187, 194 (2004). Like California state law, specific provisions of a contract control over general terms. Assisted Living Assocs. of Moorestown, L.L.P. v. Moorestown Twp., 31 F. Supp. 2d 389, 399 (D.N.J. 1998) ("In New Jersey, it is a well-settled principle of contract interpretation that, in construing the contract as a whole, specific terms or clauses control general terms or clauses.").

Plaintiffs argue that their contractual relationship with Capital One is based upon the Rules, the Electronic Funds Transfer Agreement and Disclosure ("EFTAAD"), and

///

///

///

a Fee Schedule.[1] The EFTAAD provides:

> **Charges for ATM/Debit Card Transactions:** When you use your ATM/Debit Card at a non-Capital One Bank branded ATM, the ATM owner/operator may charge you a fee for your use of their ATM, and you may be charged a fee for a balance inquiry even if you do not complete a transaction. The fee charged should be disclosed to you on the ATM and you should be given an opportunity to cancel the transaction before the fee is imposed. You may also be charged a fee by us, as disclosed in our then current Schedule of Fees and Charges, for each cash withdrawal, funds transfer or balance inquiry that you may make using a non-Capital One Bank branded ATM. You will not be charged this fee at most ATMs owned and operated by Capital One Bank, except at certain gaming establishments and other non-branch locations, where we may charge a fee for each cash withdrawal. The amount of fees charged at such ATMs at non- branch locations varies. Any fee charged will be displayed on the ATM screen and you will be given an opportunity to cancel the transaction before the fee is imposed. Please refer to our then current Schedule of Fees and Charges for the amount of this fee.

(Stainback Decl. Exh. B, ¶7, F ¶7). This provision explains that use of an ATM at an out-of-network ATM may result in a fee for the use of the ATM and may even result in a charge "for a balance inquiry even if you do not complete a transaction." Plaintiffs do not dispute the fees charged by an out-of-network ATM.

The court now turns to the last of the three documents forming the parties' contractual relationship, the Fee Schedule. While the parties are in agreement that the Rules and EFTAAD documents submitted to the court govern the parties' relationship, the parties submit different versions of the governing Fee Schedule. Plaintiffs argue that Exhibit A, attached to their opposition, is controlling, whereas Capital One argues that Exhibit C, attached to the declaration of Thomas Stainback, is controlling. Plaintiffs argue that the Fee Schedule supports their allegations that the contract documents do not permit the imposition of fees on each balance inquiry and each cash withdrawal when using an out-of-network ATM. The court is unable to fully address the breach of contract claim without addressing the governing Fee Schedule in light of

---

[1] These documents, to the extent referenced in the FAC, are appropriately considered by the court. See Hal Roach Studios., 896 F.2d at 1555. The court notes that the parties do not dispute that the versions of the Rules and EFTAAD documents submitted to the court are operative documents to the parties' contractual relationship. However, the parties have different perspectives on the operative Fee Schedule.

Plaintiffs' representations that the Fee Schedule forms an integral part of the parties' contractual relationship. Resolution of factual disputes concerning relevant contract documentation is not appropriate on a Rule12(b)(6) motion.

Accepting as true Plaintiffs' allegations to the effect that the Fee Schedule does not permit the imposition of out-of-network balance inquiry and cash withdrawal fees, the court denies the motion to dismiss the breach of contract. The court defers ruling on the remainder of Capital One's motion to dismiss until the parties have conducted limited discovery to ascertain the contract documents at issue.

**IT IS SO ORDERED.**

DATED: November 13, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties