# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FIGUEROA and MARY JACKSON, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A., and Does 1-100, inclusive,<br><br>Defendant. | Case No. 3:18-cv-00692-JM-BGS<br><br>**ORDER ENTERING STIPULATED PROTECTIVE ORDER** |

The Court hereby enters this Protective Order based upon (1) the Joint Motion Requesting Issuance of Order Adopting and Entering Stipulated Protective Order and (2) good cause appearing. For the duration of the above-entitled litigation and as provided therein, the Protective Order shall govern the exchange of confidential information between Plaintiffs Jacob Figueroa and Mary Jackson ("Plaintiffs") and Defendant Capital One, N.A. ("Defendant" or "Capital One").

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order in this action.

///

## STIPULATED PROTECTIVE ORDER

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: DOLL AMIR & ELEY LLP, counsel for Capital One. CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP; KALIEL PLLC; MCCUNE WRIGHT LLP; and THE KICK LAW FIRM APC, counsel for Plaintiffs.

## **GENERAL RULES**

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or contains sensitive financial or personal identifying information relating to Plaintiffs.

   b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR

COUNSEL ONLY" or any other information or testimony a Party believes is Confidential Information that requires protection pursuant to this Order:

    a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until twenty-one (21) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." Until the expiration of the twenty-one day period, the entire transcript and any exhibits thereto shall be treated as "CONFIDENTIAL."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, parties and their authorized representatives, and the person(s) agreed upon pursuant to paragraphs 8 and 9 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing, if so designated, must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

    7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation

is removed either by agreement of the parties, or by order of the Court. Material designated by Defendant as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified. Absent express, prior leave from Court: 1) Confidential Information produced by Defendant cannot be used to solicit or identify potential plaintiffs for any other action; and 2) material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" cannot be used to initiate, litigate, or otherwise prosecute any claims other than those in this case.

        8.    Material designated as CONFIDENTIAL – FOR COUNSEL ONLY" must be disclosed and viewed only by counsel (as defined in paragraph 3) of the receiving party; this Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel; any mediator or arbitrator selected by the parties to mediate or arbitrate this action. Material designated "CONFIDENTIAL - FOR COUNSEL ONLY" may also be disclosed to any expert or consultant of the receiving party, but only if the receiving party first obtains the agreement, in writing, of the designating party and also obtains the agreement of the expert or consultant to be bound by the terms of this Order and the expert or consultant signs the form attached hereto as Exhibit A. Specifically, the expert or consultant acknowledges that, during the course of his or her retention, the expert or consultant may have access to, and become acquainted with "CONFIDENTIAL - FOR COUNSEL ONLY" materials, in which the designating Party has an expectation of confidentiality. The expert or consultant shall agree not to disclose such materials designated as "CONFIDENTIAL - FOR COUNSEL ONLY", directly or indirectly, to any other person or entity or use it in any way outside the specific scope of his/her retention as an expert witness in this action, or at any time thereafter. Material designated "CONFIDENTIAL – FOR COUNSEL ONLY" may also be shared with other persons and entities if agreed on beforehand, in writing, by the parties.

9. Material designated "CONFIDENTIAL" shall not be disclosed to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review material designated "CONFIDENTIAL":

    a. Executives of Defendant who are required to participate in policy decisions with reference to this action;

    b. In-house counsel of Defendant;

    c. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, for the litigation or preparation for trial of this action;

    d. Stenographic and clerical employees associated with the individuals identified above;

    e. Outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

    f. This Court and its personnel, or any other tribunal of competent jurisdiction having involvement in this matter and its personnel;

    g. Any mediator or arbitrator selected by the parties to mediate or arbitrate this action;

    h. Other employees of Defendant, to whom it is reasonably necessary to share material designated "CONFIDENTIAL" for purposes of litigating this case;

    i. Other deposition witnesses, but only if counsel believe that it is necessary to show material designated "CONFIDENTIAL" to such a witness, and only on the condition that before any such witness is shown or receives any material designated "CONFIDENTIAL" he or she must read a copy of this Order and agree in writing to abide by it, by executing a copy of the form that is attached as Exhibit A to this Order;

    j. Experts and consultants of the parties or their Counsel, but only on the condition that before any such expert or consultant is shown or receives any material

designated "CONFIDENTIAL" he or she must read a copy of this Order and agree in writing to abide by it, by executing a copy of the form that is attached as Exhibit A.

   k. The parties or authorized representatives of the parties.

  10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

  11. Counsel for the parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel must maintain copies of the Exhibit A forms signed by persons acknowledging the obligations under this Order for a period of three months after termination of the case.

  12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.

  13. At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated in accordance with their designation, until the Court has ruled on the objection or the matter has been otherwise resolved.

  14. All material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must be held in confidence by those inspecting or receiving it in accordance with this Order, and must be used only for purposes of this action. Counsel for each party, and each person receiving material designated as

"CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If such designated material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the material in question is not designated, labeled, or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

17. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. Nothing in this Order should be construed to affect the admissibility of any document, material or information at any trial or hearing.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed, except as provided in this Order.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. **Gramm-Leach-Bliley Act.** Capital One may be considered a "financial institution" subject to the terms of the Gramm-Leach-Bliley Act. *See* 15 U.S.C. § 6802(e)(8); 15 U.S.C.6809(3) & 12 U.S.C. 1843(k) (defining "financial institution" broadly to include companies engaged in activities "financial in nature or incidental to such financial activity"). To the extent that Capital One produces documents or account records in this litigation pertaining to non-party Capital One customers, whether said production is made in response to a discovery request, subpoena, or Court order in this action, such production is deemed by the Court to fall within the exception set forth in the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802(e)(8).

No party shall file a document under seal unless authorized by an order entered by the judge before whom the hearing or proceeding related to the proposed sealed document will take place, pursuant to Local Rule 2.2.

22. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such

notification must include a copy of the subpoena or court order.  The receiving party also must inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its designated material in the court from which the subpoena or order issued.  The designating party will bear the burden and the expense of seeking protection in that court, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must return all material designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to the producing party or destroy such material.  Upon request of the producing party, the receiving party must submit a written certification to the producing party 30 days after final termination that (1) identifies (by category, where appropriate) all such designated material was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the designated material.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.  Further, within thirty (30) days after this action has been closed, copies of Confidential materials that

have been submitted to and/or are in the possession of the Court shall be destroyed. Finally, any action by this Court must be preceded by an ex parte motion for an order authorizing the return of all "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to the party that produced the information or the destruction thereof.

24. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

27. This Order and the parties' stipulation does not change, amend or circumvent any court rule or local rule.

28. This Order may be modified only by a separate order from this Court.

29. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: February 11, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California in the case of *Jacob Figueroa, et al. v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____