1  **CARLSON LYNCH, LLP**
   Todd D. Carpenter (SBN 234464)
2  tcarpenter@carlsonlynch.com
   (Eddie) Jae K. Kim (SBN 236805)
3  ekim@carlsonlynch.com
   Scott G. Braden (SBN 305051)
4  sbraden@carlsonlynch.com
   1350 Columbia Street, Ste. 603
5  San Diego, California 92101
   Telephone:  619.762.1900
6
   **KALIEL PLLC**
7  Jeffrey Kaliel (SBN 238293)
   jkaliel@kalielpllc.com
8  Sophia Goren Gold (SBN 307971)
   sgold@kalielpllc.com
9  1875 Connecticut Ave. NW, 10th Floor
   Washington, DC  20009
10 Telephone:  202.350.4783

11 *Counsel for Plaintiffs and the Settlement Class*

12               **UNITED STATES DISTRICT COURT**

13             **SOUTHERN DISTRICT OF CALIFORNIA**

14 | JACOB FIGUEROA AND MARY | Case No.: 18-cv-692-JM(BGS) |
   | JACKSON, on behalf of themselves and all | |
15 | others similarly situated, | **CORRECTED APPENDIX OF** |
   | | **EXHIBITS TO MEMORANDUM OF** |
16 |                  Plaintiffs, | **POINTS AND AUTHORITIES IN** |
   | | **SUPPORT OF PLAINTIFFS'** |
17 |        v. | **UNOPPOSED MOTION FOR** |
   | | **PRELIMINARY APPROVAL OF** |
18 | CAPITAL ONE, N.A., | **CLASS SETTLEMENT AND FOR** |
   | | **CERTIFICATION OF SETTLEMENT** |
19 |                  Defendant. | **CLASS (ECF NO. 74-2)** |

20 Date:        June 8, 2020
   Time:        10:30 a.m.
21 Judge:       Hon. Jeffrey T. Miller
   Place:       Courtroom 5D (5th Flr.)

22

23 | Ex. No. | Description | Page No. |
   | --- | --- | --- |
24 | 1. | Settlement Agreement and Release | 27-75 |

25

26

27

28

# EXHIBIT 1

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement"), dated as of May 6, 2020, is entered into by Plaintiffs, Jacob Figueroa and Mary Jackson, individually and on behalf of the Settlement Class defined herein, and Defendant, Capital One, N.A. ("Capital One"). Plaintiffs and Capital One are each individually a "Party" and are collectively the "Parties." The Parties hereby agree to the following terms in full settlement of the action entitled *Figueroa v. Capital One Bank*, No. 3:18-cv-00692-JM-BGS (S.D. Cal.) (the "Action"), subject to Final Approval, as defined below, by the United States District Court for the Southern District of California ("Court").

**I    RECITALS**

WHEREAS, on April 6, 2018, Plaintiffs filed the Action as a putative class action against Capital One in the United States District Court for the Southern District of California. Doc. 1.

WHEREAS, Capital One sought dismissal of the case. Doc. 9.

WHEREAS, Judge Miller denied the motion and ordered the Parties to engage in limited discovery to determine which documents actually formed the contract.  Doc. 17.

WHEREAS, the Parties completed that discovery, which included the depositions of both Plaintiffs and a 30(b)(6) witness from Capital One, and Capital One then moved for partial summary judgment on Plaintiffs' breach of contract claim.  Doc. 38. Without hearing oral argument, Judge Miller issued an order denying the motion for summary judgment on October 17, 2019.  Doc. 56.

WHEREAS, the Parties engaged in discovery after the summary judgment ruling, and continued to do so up until the time a settlement was reached;

WHEREAS, the Parties engaged in a full day mediation with JAMS Mediator Bruce Friedman on March 4, 2020, in Los Angeles, at which time they reached an agreement in principle to resolve this Action;

WHEREAS, the Parties filed a Notice of Settlement on March 6, 2020, confirming their agreement in principle and requesting that the Court stay all deadlines in the Action;

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties agree that the Action shall be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and conditions of this Agreement and subject to Final Approval as set forth herein.

## II    TERMS OF THE SETTLEMENT

### Section 1.    Definitions

In addition to the terms defined elsewhere in this Agreement, the following capitalized terms used in this Agreement shall have the meanings specified below:

1.1    "Adjustments" means, collectively, the Class Representative Service Awards, the Fee & Expense Award, and the amount of the Administrative Costs.

1.2    "Administrative Costs" means all out-of-pocket costs and third-party expenses of the Settlement Administrator that are associated with providing notice of the Settlement to the Settlement Class, administering and distributing the Settlement Class Member Payments to Settlement Class Members, or otherwise administering or carrying out the terms of the Settlement, including but not limited to postage and telecommunications costs. Administrative Costs shall include the Settlement Administrator's hourly charges for administering the Settlement and providing notice.

1.3    "Class Counsel" means Kaliel PLLC and Carlson Lynch, LLC.

1.4    "Class Period" is defined as follows:

- For Settlement Class Members whose accounts were established in Louisiana: the period from April 6, 2008 to June 30, 2020;
- For Settlement Class Members whose accounts were established in Connecticut, New York and New Jersey:  the period from April 6, 2012 to June 30, 2020;
- For Settlement Class Members whose accounts were established in Virginia:  the period from April 6, 2013 to June 30, 2020;
- For Settlement Class Members whose accounts were established in Texas:  the period from April 6, 2014 to June 30, 2020;
- For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware:  the period from April 6, 2015 to June 30, 2020.

1.5    "Class Representatives" means the Plaintiffs in the Action, if and when the Court appoints them as representatives of the Settlement Class.

1.6    "Class Representative Service Awards" means the service awards that Plaintiffs will seek for their service to the Settlement Class in an amount not to exceed $10,000 each.

1.7    "Effective Date" shall mean the date when the last of the following has occurred: (1) the day following the expiration of the deadline for appealing Final Approval if no timely appeal is filed, or (2) if an appeal of Final Approval is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for certiorari) have been finally resolved without material change to the Final Approval Order, as determined by

2

Capital One, and the deadline for taking any further appeals has expired such that no future appeal is possible; or (3) such date as the Parties otherwise agree in writing.

1.8    "Fee & Expense Award" means the attorneys' fees, costs and expenses that Class Counsel will seek from the Court as more fully described in Section 3.2.

1.9    "Final Approval" means entry of the Final Approval Order.

1.10    "Final Approval Hearing" means the date the Court holds a hearing on Plaintiffs' motion seeking Final Approval.

1.11    "Final Approval Order" means the order the Court will enter granting Final Approval of the Settlement.  The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of the Fee & Expense Award and the amount of any Class Representative Service Awards.

1.12    "First Amended Complaint" means the amended complaint filed in the Action on May 30, 2018.

1.13    "National Change of Address Database" means the change of address database maintained by the United States Postal Service.

1.14    "Net Settlement Fund" means the Settlement Amount, less the Adjustments.

1.15    "Out of Network ATM Balance Inquiry Fee" or "OON ATM Balance Inquiry Fee" means the fee Capital One charged accountholders when using an out of network ATM to conduct a balance inquiry.

1.16    "Objection Deadline" means one hundred thirty (130) days after Preliminary Approval (or other date as ordered by the Court).

1.17    "Opt-Out Deadline" means one hundred thirty (130) days after Preliminary Approval (or other date as ordered by the Court).

1.18    "Preliminary Approval" means entry of the Preliminary Approval Order.

1.19    "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval of the Settlement, a proposed form of which is attached as *Exhibit D* hereto.

1.20    "Settlement" means the settlement of the Action by the Parties and the terms thereof contemplated by this Agreement.

3

1.21    "Settlement Administrator" means BrownGreer PLC.

1.22    "Settlement Class" means all Capital One accountholders in the United States who, within the Class Period, incurred at least one OON ATM Balance Inquiry Fee. Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors; all accountholders who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

1.23    "Settlement Class Member" means a person who falls within the definition of the Settlement Class and did not opt out of the Settlement and who is entitled to the benefits of the Settlement.

1.24    "Settlement Class Member Payment" means an award to a Settlement Class Member of funds from the Net Settlement Fund.

1.25    "Settlement Class Notices" means the notices given to the Settlement Class, which includes *Exhibits A, B, and C*, attached hereto.

1.26    "Settlement Amount" means the $13,000,000 payable by Capital One to establish the Settlement Fund.

1.27    "Settlement Fund" means the $13,000,000 cash fund created by the deposit of the Settlement Amount.

1.28    "Settlement Fund Account" means the account into which Capital One will deposit the Settlement Amount.

1.29    "Settlement Website" means the website that the Settlement Administrator will establish as a means for Settlement Class members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the First Amended Complaint, the Long Form Notice (attached hereto as *Exhibit A*), Plaintiffs' motion seeking Preliminary Approval, the Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, the Final Approval Order (should one issue), and such other documents as the Parties agree to post or that the Court orders posted on the website. The URL of the Settlement Website shall be www.ATMBalanceInquiryFeeSettlement.com, or such other URL as Class Counsel and Capital One agree upon in writing. The Settlement Website shall not include any advertising, and shall not bear or include the Capital One logo or Capital One trademarks.

**Section 2.    The Settlement**

2.1    <u>Conditional Certification of the Settlement Class</u>

(a)    Solely for purposes of this Settlement, the Parties agree to certification of the Settlement Class under Federal Rules of Civil Procedure.

2.2   Settlement Benefits

(a)   *Business Practice Changes*. Within three (3) months of the Effective Date, Capital One shall revise its checking account disclosures to clearly disclose the circumstances in which OON ATM Balance Inquiry Fees will be assessed. True and correct portions of the revised disclosures which address Capital One's ATM OON Balance Inquiry Fees is attached hereto as *Exhibit E*.

(b)   *Monetary Relief*

(1)   *Settlement Amount*. Capital One has agreed to pay $13,000,000 in cash for the benefit of the Settlement Class; and

(2)   *Escrow Account*. Within fifteen (15) days following Preliminary Approval, Capital One shall deposit the Settlement Amount into the Settlement Fund Account, which shall be held in an account selected by the Settlement Administrator.

(3)   *Calculation of Settlement Class Member Payments*. Each Settlement Class Member who has incurred an OON ATM Balance Inquiry Fee during the Class Period shall be entitled to receive a Settlement Class Member Payment from the Net Settlement Fund. Each Settlement Class Member Payment shall be equal to the Settlement Class Member's *pro rata* share of the Net Settlement fund based on the total number of OON ATM Balance Inquiry Fees paid by the Settlement Class Member. The methodology for calculating the *pro rata* share of each Settlement Class Member is discussed at Section 2.6, *infra.*

(4)   *Complete Relief*. In exchange for the releases described below, Capital One agrees to make the business practice changes described in Section 2.2(a) and to pay the Settlement Amount. The Parties agree that in no event shall Capital One be responsible for any payments, costs, expenses, or claims beyond this amount. No portion of the Settlement Amount shall revert to Capital One, except where the Settlement is terminated pursuant to the terms of the Agreement.

2.3   Releases.

(a)   *Settlement Class Member Release*. Upon the Effective Date, Plaintiffs and each Settlement Class Member, including any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, beneficiaries, bankruptcy trustees, guardians, tenants in common, tenants by entireties, and assigns of each of them, shall release, waive, and forever discharge Capital One and each of its present, former, and future parents, predecessors, successors, subsidiaries, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint venturers, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, insurers, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity

5

acting or purporting to act for them or on their behalf (collectively, "Capital One Releasees") from any and all claims that arise from or relate to the conduct alleged in the Action ("Released Capital One Claims").

(b)    *Unknown Claims.* With respect to the Released Capital One Claims, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, MUST WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, subject to and in accordance with this Agreement, even if the Plaintiffs and/or Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Capital One Claims, Plaintiffs and each Settlement Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order, shall have, fully, finally, and forever settled and released all of the Released Capital One Claims. This is true whether such claims are known or unknown, suspected, or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(c)    *No Release By Capital One.* Nothing in this Agreement shall operate or be construed to release any claims or rights that Capital One has to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans or debts with Capital One, pursuant to the terms and conditions of such accounts, loans, or any other debts. Likewise, nothing in this Agreement shall operate or be construed to release any defenses or rights of set-off that Plaintiffs or any Settlement Class Member has, other than with respect to the Released Capital One Claims, in the event Capital One and/or its assigns seeks to recover any past, present, or future amounts that may be owed by Plaintiffs or by any Settlement Class Member on his/her accounts, loans, or other debts with Capital One, pursuant to the terms and conditions of such accounts, loans, or other debts.

6

2.4   <u>Notice Procedures</u>

(a)   *Settlement Administrator*. The Parties have jointly selected BrownGreer PLC as the Settlement Administrator of the Settlement. Class Counsel will oversee the Settlement Administrator. The Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement. The Administrative Costs will be paid out of the Settlement Fund.

(b)   *Provision of Information to Settlement Administrator*. Within fifteen (15) business days of Preliminary Approval, Capital One will provide the Settlement Administrator with the following information, which will be kept strictly confidential between the Settlement Administrator and Capital One, for each Settlement Class Member: (i) name; (ii) last known e-mail address if available; (iii) last known mailing address; (iv) account number, or some sort of unique identifier that can be used to identify each separate Settlement Class Member; and (v) the date and amounts of OON ATM Balance Inquiry Fees incurred by each Settlement Class Member during the Class Period. The Settlement Administrator shall use the data provided by Capital One to make the calculations required by the Settlement, and the Settlement Administrator shall share the calculations with Class Counsel. The Settlement Administrator shall use this information solely for the purpose of administering the Settlement.

(c)   *Settlement Class Notices*. Within seventy (70) days of Preliminary Approval, or by the time specified by the Court, the Settlement Administrator shall send or make available the Settlement Class Notices in the forms attached hereto as *Exhibits A, B, and C*, or in such form as is approved by the Court, to the Settlement Class.

(1)   The Settlement Administrator shall send the "Email Notice," attached hereto as *Exhibit B*, to all Settlement Class Members for whom Capital One has provided the Settlement Administrator with an e-mail address. For jointly held accounts, Email Notices will be addressed to all accountholders and sent to the first accountholder listed on the account.

(2)   The Settlement Administrator shall send the "Postcard Notice," attached hereto as *Exhibit C*, to all Settlement Class Members for whom Capital One has not provided an email address and to all Settlement Class Members to whom the Settlement Administrator sent the Email Notice via email but for whom the Settlement Administrator receives one "hard" bounce or three "soft" bounces for undeliverable email. The Postcard Notice shall be mailed after the Settlement Administrator updates mailing addresses provided by Capital One with the National Change of Address database. For jointly held accounts, Postcard Notices will be addressed to all accountholders and mailed to the first accountholder listed on the account.

(3)   For purposes of calculating direct notice reach for consideration at the Final Approval Hearing, it will be conclusively presumed that the intended recipients received the Settlement Class Notices if the Settlement Administrator did not receive an email bounce-back message and if mailed Settlement Class Notices

7

have not been returned to the Settlement Administrator as undeliverable within seven (7) days before the Opt-Out Deadline.  For purposes of identifying Settlement Class Members reached by notice and, therefore, eligible to receive a Settlement Class Member Payment, it will be conclusively presumed that the intended recipients received the Settlement Class Notices if the Settlement Administrator did not receive an email bounce-back message and if mailed Settlement Class Notices have not been returned to the Settlement Administrator as undeliverable by the Effective Date.

(d)    *Settlement Class Member Resources.*    The Settlement Administrator will establish and maintain (1) the Settlement Website; (2) a PO Box to receive written correspondence from Settlement Class Members, including requests to be mailed a hard copy of the Long Form Notice, and undeliverable program mail; and (3) an automated toll-free telephone line for Settlement Class members that will provide pre-recorded answers to frequently asked questions and will permit Settlement Class Members to request to be mailed a hard copy of the Long Form Notice (collectively, the "Settlement Class Member Resources."). The Settlement Administrator will operate the Settlement Class Member Resources until at least one hundred twenty (120) days after Final Approval.

2.5    Opt-Outs and Objections.

As set forth below, Settlement Class Members shall have the right to opt-out of the Settlement Class and the Settlement and Settlement Class Members shall have the right to object to the Settlement.

(a)    *Requirements for Opting-Out.* If a Settlement Class Member wishes to be excluded from the Settlement Class and the Settlement, that Settlement Class Member is required to submit to the Settlement Administrator at the address listed in the Settlement Class Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement Class and understands that he or she will not receive a Settlement Class Member Payment from the Settlement of the Action. To be effective, this opt-out statement (i) must be postmarked by the Opt-Out Deadline; (ii) include the Settlement Class Member's name and Capital One account number(s); and (iii) must be personally signed and dated by the Settlement Class Member(s). If an Account has more than one accountholder, then all accountholders on that account shall be deemed to have opted-out of the Settlement with respect to that Account, and no accountholder shall be entitled to a Settlement Class Member Payment. The Settlement Administrator will, within seven (7) days of receiving any opt-out statement, provide counsel for the Parties with a copy of the opt-out statement. Any Settlement Class Member who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Agreement. The Settlement Class will not include any individuals who send timely and valid opt-out statements, and individuals who opt-out are not entitled to receive a Settlement Class Member Payment under the Settlement.

(b)    *Objections.* Any Settlement Class Member who has not submitted a timely opt-out form and who wishes to object to the fairness, reasonableness,

8

or adequacy of the Settlement must send a written objection to the Clerk of the Court and the Settlement Administrator by the Objection Deadline.

        (1)    To be valid and considered by the Court, an objection must (i) be postmarked no later than the Objection Deadline; (ii) be sent to the Clerk of Court and the Settlement Administrator, by first class mail and postmarked no later than the Objection Deadline; (iii) include the case name and case number and the objector's full name, address, telephone number, and signature; (iv) contain an explanation of the nature of the objection and citation to any relevant legal authority; (v) indicate the number of times the objector has objected to a class action settlement in the past five (5) years and the caption for any such case(s) and a copy of any orders related to or ruling upon the objector's prior objections issued by the trial and appellate courts in each case; (vi) identify any counsel representing the objector; (vii) identify the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection (including the caption of each case and a copy of any orders related to or ruling upon counsel's or counsel's law firm's prior objections within the preceding five (5) years)); and (viii) indicate whether the objector (whether *pro se* or through representation) intends to testify at the Final Approval Hearing.

        (2)    Plaintiffs and Capital One may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

        (3)    The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector consistent with the Federal Rules of Civil Procedure.

        (c)    *Waiver of Objections*. Except for Settlement Class Members who opt-out of the Settlement Class in compliance with the foregoing, all Settlement Class Members will be deemed to be members of the Settlement Class for all purposes under this Agreement, the Final Approval Order, and the releases set forth in this Agreement and, unless they have timely asserted an objection to the Settlement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

    2.6    <u>Benefit Distribution</u>.

        (a)    Within ten (10) days of Final Approval, the Settlement Administrator shall provide to Capital One a list of the Settlement Class Members who are entitled to receive Settlement Class Member Payments, along with the unique identifier associated with and the amount of the Settlement Class Member Payment due each such Settlement Class Member. The information provided by the Settlement Administrator shall be considered conclusive as to which individuals are entitled to receive Settlement Class Member Payments and as to the amounts.

9

DocuSign Envelope ID: FA84D698-558E-43CE-A4BD-C337EC850ED7

(b)    *Distribution of Settlement Class Member Payments.* Within ninety (90) days of the Effective Date, the Settlement Administrator shall send Settlement Class Member Payments to all eligible Settlement Class Members from the Settlement Fund Account.  The amount of each payment shall be calculated using the following methodology as applied to data maintained in Capital One's business records, and shall be applied as consistently, sensibly, and conscientiously as reasonably possible recognizing and taking into consideration the nature and completeness of the data and the purpose of the computation:

- All Accounts will be identified in which Capital One's data reasonably supports the conclusion that an OON ATM Balance Inquiry Fee was assessed.
- The dollar amount of all such OON ATM Balance Inquiry Fees will be calculated ("Total Balance Inquiry Fees Amount").
- Each Settlement Class Member will receive a pro rata share of the Net Settlement Fund based on his/her Total Balance Inquiry Fees Amount.

(1)    The Parties agree the foregoing allocation formula is exclusively for purposes of computing retrospectively, in a reasonable and efficient fashion, the Total Balance Inquiries Fees Amount of each Settlement Class Member and the amount of any distribution each Settlement Class Member should receive from the Net Settlement Fund.  The fact that this allocation formula is used herein is not intended and shall not be used for any other purpose or objective whatsoever.

(2)    Settlement Class Member Payments to current Capital One accountholders shall be made either by a direct deposit to those accountholders' accounts, or by mailed check in those circumstances where it is not feasible or reasonable to make the payment by a credit. Settlement Class Member Payments made to current accountholders by check will be cut and mailed by the Settlement Administrator with an appropriate legend, in a form approved by Class Counsel and Capital One, to indicate that it is from the Settlement Fund Account, and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for one hundred and eighty (180) days.

(3)    Settlement Class Member Payments to former Capital One accountholders will be made by check with an appropriate legend, in a form approved by Class Counsel and Capital One Counsel, to indicate that it is from the Settlement Fund Account. Checks will be cut and mailed by the Settlement Administrator and will be sent to the addresses that the Settlement Administrator identifies as valid. Checks shall be valid for one hundred and eighty (180) days.

(4)    For jointly held accounts, direct deposits will be made where possible.  Where not possible, checks for jointly held accounts will be payable to all accountholders, and will be mailed to the first accountholder listed on the account.

(5)    In the event of any complications arising in connection with the issuance or cashing of a check, the Settlement Administrator shall provide written notice to Class Counsel and Capital One's Counsel. Absent specific instructions from Class Counsel and Capital One's Counsel, the Settlement Administrator shall proceed to

10

resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them.

(c)     *Mailing Addresses.* Prior to mailing Settlement Class Member Payments, the Settlement Administrator shall attempt to update the last known addresses of the Settlement Class Members through the National Change of Address Database.

(1)     For all mailed Notices that are returned as undeliverable, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Settlement Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(2)     Settlement Class Member Payments returned with a forwarding address shall be re-mailed to the new address as soon as reasonably practicable. The Settlement Administrator shall not mail Settlement Class Member Check Payments to addresses from which Settlement Class Notices were returned as undeliverable under Section 2.6(d)(1).

(d)     *Interest.* All interest on the funds in the Settlement Fund Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.

(e)     *Time for Depositing Settlement Class Member Payment Checks.* If a Settlement Class Member's Payment check is not deposited (or cashed) within one hundred eighty (180) days after the check is mailed, (a) the check will be null and void; and (b) the Settlement Class Member will be barred from receiving a further Settlement Class Member Payment under this Settlement.

(f)     *Tax Obligations.* The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by Settlement Class Members as a result of, or that arise from, any Settlement Class Member Payment, Debt Reduction Payment or any other term or condition of this Agreement.

(g)     *Tax Reporting.* The Settlement Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations, including Form 1099s. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this section. Capital One makes no representations and it is understood and agreed that Capital One has made no representations as to the taxability of any portions of the settlement payments to any Settlement Class Member or Plaintiffs.

11

**Section 3.    Service Awards and Class Counsel's Fee & Expense Award**

3.1    <u>Class Representative Service Awards</u>. Plaintiffs, through Class Counsel, shall each be entitled to apply to the Court for an award from the Settlement Fund for their participation in the Action and their service to the Settlement Class. Plaintiffs shall be entitled to apply for a Class Representative Service Award in an amount not exceeding $10,000.00 each in recognition of his or her service to the Settlement Class. Capital One shall not oppose or appeal such applications that do not exceed these amounts. The Class Representative Service Awards shall be paid from the Settlement Fund.

3.2    <u>Fee & Expense Award</u>. The Parties consent to the Court appointing Class Counsel in this Action for purposes of the Settlement. Class Counsel shall be entitled to apply to the Court for an award from the Settlement Fund not to exceed 30% of the Settlement Amount to reimburse Class Counsel for attorneys' fees incurred in researching, preparing for, and litigating the Action, and Class Counsel may also apply for reimbursement for costs and expenses incurred in the Action. Capital One agrees not to oppose or appeal any such application that does not exceed 30% of the Settlement Value plus reimbursement for costs and expenses incurred in the Action.

(a)    The Fee & Expense Award shall constitute full satisfaction of any obligation on the part of Capital One to pay any person, attorney, or law firm for costs, litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiffs or the Settlement Class in the Action.

(b)    The Settlement Administrator shall pay the Class Representative Service Awards to Plaintiffs within ten (10) days of the Effective Date and the Fee & Expense Award to Class Counsel from the Settlement Fund within ten (10) days of Final Approval of the Settlement.

(c)    In the event the Court approves the Settlement, but declines to award Class Representative Service Awards or Class Counsel's attorneys' fees or costs in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties to the extent permissible under applicable law.

(d)    The Parties negotiated and reached agreement regarding attorneys' fees, expenses, and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

3.3    <u>Qualified Settlement Fund</u>. The funds in the Settlement Fund Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Settlement Fund Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Capital One, Capital One's counsel, Plaintiffs and/or Class Counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does

12

not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account. Capital One and Capital One's counsel and Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Settlement Fund Account shall indemnify and hold Capital One and Capital One's counsel and Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

3.4    Residual. In the event that there is any residual in the Settlement Fund Account after the distributions required by this Agreement are completed, said funds shall in no circumstance revert to Capital One. At the election of Class Counsel and counsel for Capital One, and subject to the approval of the Court, the funds may be distributed to Settlement Class Members via a secondary distribution if economically feasible or through a residual *cy pres* organization, which will be an entity jointly agreed by the Parties and approved by the Court. Any residual secondary distribution or *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of funds to the Settlement Class Members.

**Section 4.    Settlement Approval**

4.1    Preliminary Approval. On or before May 8, 2020, Plaintiffs will submit for the Court's consideration a motion seeking Preliminary Approval of the Settlement and apply to the Court for entry of the Preliminary Approval Order. In the event the Court does not enter the Preliminary Approval Order in materially same form as *Exhibit D*, Capital One has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Capital One waives in writing its right to terminate the Agreement due to any changes or deviations from the form of the Preliminary Approval Order. In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs shall request that the Court approve the Settlement Class Notices. The Court will ultimately determine and approve the content and form of the Settlement Class Notices to be distributed to Settlement Class Members.

The Parties further agree that in Plaintiffs' motion seeking Preliminary Approval, Plaintiffs will request that the Court enter the following schedule governing the Settlement:

| Event | Days after Entry of Preliminary Approval Order |
|---|---|
| Notice Complete | 70 Days |
| Filing of Motion for Class Representative Service Awards and Fee & Expense Application | 70 Days |
| Opt-Out Deadline | 130 Days |
| Objection Deadline | 130 Days |

13

| Filing of Motion for Final Approval | 170 Days |
|---|---|
| Proposed Final Approval Hearing | 200 Days (or when convenient for the Court) |

      4.2   <u>Final Approval</u>. Plaintiffs will submit for the Court's consideration, by the deadline set by the Court, a proposed Final Approval Order. The motion for Final Approval of this Settlement shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court dismiss the Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Agreement.

      (a)   In the event that the Court does not enter the Final Approval Order in materially the same form as what the Parties propose, Capital One has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Capital One waives in writing its right to terminate the Agreement due to any material changes or deviations from the form of the Final Approval Order. Notwithstanding the foregoing, changes to the legal reasoning or analysis in the Final Approval Order that does not affect the substance of the Parties' agreement, the scope of the releases given, or any other obligations of the Parties in this Agreement, shall not be considered material changes or deviations permitting Capital One to terminate this Agreement.

      (b)   In the event that the Effective Date does not come to pass, the Final Approval Order is vacated or reversed or the Settlement does not become final and binding, the Parties agree that the Court shall vacate any dismissal with prejudice.

      4.3   <u>Effect of Disapproval</u>. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, Capital One shall have the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Capital One waives in writing its right to terminate the Agreement under this section. In addition, the Parties agree that if this Agreement becomes null and void, Capital One shall not be prejudiced in any way from opposing class certification in the Action, and Plaintiffs and the Settlement Class Members shall not use anything in this Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by Capital One. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend the Action in the event that this Agreement does not become final and binding.

      4.4   <u>Termination Based on Percentage of Opt-Outs</u>. Capital One shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within fifteen (15) days of the Opt-Out Deadline, if the

number of persons in the Settlement Class who timely request exclusion from the Settlement Class equals or exceeds 5% of the Settlement Class.

### Section 5.    No Admission of Liability

5.1    <u>By Capital One</u>. Capital One continues to dispute its liability for the claims alleged in the Action and maintains that its Out Of Network ATM Balance Inquiry Fee practices and representations concerning those practices complied, at all times, with applicable laws and regulations and the terms of the account agreements with its customers. Capital One does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Capital One has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

5.2    <u>By Class Counsel</u>. Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant discovery, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

5.3    <u>No Admission of Liability</u>. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal

### Section 6.    No Press Release

6.1    <u>By Either Party</u>. Neither Party shall issue any press release or shall otherwise initiate press coverage of the Settlement. If contacted, the Party may respond generally by saying that they are happy the Settlement was reached and that it was a fair and reasonable result.

### Section 7.    General Provisions

7.1    <u>Cooperation</u>. The Parties agree that they will cooperate in good faith to effectuate and implement the terms and conditions of this Settlement.

7.2    <u>Extensions of Time</u>. Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

7.3   Judicial Enforcement. If the Court enters the Final Approval Order, then the Court shall have continuing authority and jurisdiction to enforce the implementation and performance of this Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Capital One or its affiliates at any time, including during any appear from the Final Approval Order. The Parties shall have the authority to seek enforcement of this Agreement and any of its aspects, terms, or provisions under any appropriate mechanism, including contempt proceedings. The Parties will confer in good faith prior to seeking judicial enforcement of this Agreement.

7.4   Effect of Prior Agreements. This Agreement constitutes the entire agreement and understanding of the Parties with respect to the Settlement of the Action, contains the final and complete terms of the Settlement of the Action and supersedes all prior agreements between the Parties regarding Settlement of the Action. The Parties agree that there are no representations, understandings, or agreements relating to the Settlement of the Action other than as set forth in this Agreement. Each Party acknowledges that it has not executed this Agreement in reliance upon any promise, statement, representation, or warranty, written or verbal, not expressly contained herein.

7.5   No Drafting Presumption. All Parties hereto have participated, through their counsel, in the drafting of this Agreement, and this Agreement shall not be construed more strictly against any one Party than the other Parties. Whenever possible, each term of this Agreement shall be interpreted in such a manner as to be valid and enforceable. Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

7.6   Notices. All notices to the Parties or counsel for the Parties required or desired to be given under this Agreement shall be in writing and sent by overnight mail as follows:

To Plaintiffs and the Settlement Class:

| Jeffrey D. Kaliel | Todd D. Carpenter |
|---|---|
| KALIEL PLLC | CARLSON LYNCH |
| 1875 Connecticut Avenue NW | 1350 Columbia Street |
| 10th Floor | Suite 603 |
| Washington, DC 20009 | San Diego, CA 92101 |

To Capital One:

     Hunter R. Eley
     Evan M. Ladd
     Doll Amir & Eley LLP
     725 South Figueroa Street, Suite 3275
     Los Angeles, CA 90017

The notice recipients and addresses designated above may be changed by written notice.

7.7    <u>Modifications.</u> No modifications to this Agreement may be made without written agreement of all Parties and Court approval.

7.8    <u>No Waiver.</u> The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

7.9    <u>No Third-Party Beneficiaries</u>. This Agreement shall not inure to the benefit of any third party.

7.10    <u>Integration</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

7.11    <u>No Conflict Intended</u>. Any inconsistency between the hearings used this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

7.12    <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Agreement. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF or through an electronic signature program (*e.g.* DocuSign) shall be deemed an original.

7.13    <u>Authority.</u> Class Counsel (for the Plaintiffs and the Settlement Class Members), and counsel for Capital One (for Capital One), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation or entity included within the definitions of Plaintiffs and Capital One to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

7.14    <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if

they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Capital One has provided and is providing information that Plaintiffs reasonably requested to identify Settlement Class Members and the alleged damages they incurred. Both Parties recognize and acknowledge that they and their experts reviewed and analyzed data for a subset of the time at issue and that they and their experts used extrapolation to make certain determinations, arguments, and settlement positions. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise

      7.15   <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day.

      7.16   <u>Governing Law</u>. This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

      7.17   <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

<u>[[SIGNATURES ON NEXT PAGE]]</u>

18

**PLAINTIFFS**

_[signature]_                    5/7/2020
_____      _____
Jacob Figueroa                      Date

_[signature]_                    5/7/2020
_____      _____
Mary Jackson                       Date


**DEFENDANT, CAPITAL ONE, N.A.**

_____      _____
                                        Date
Title:_____


**CLASS COUNSEL**

_[signature]_                    5/8/2020
_____      _____
Jeffrey D. Kaliel, Esq.                Date
KALIEL PLLC

_[signature]_                    5/8/2020
_____      _____
Todd Carpenter, Esq.               Date
CARLSON LYNCH


**COUNSEL FOR CAPITAL ONE, N.A. COUNSEL - APPROVED AS TO FORM**

_____      _____
Hunter Eley, Esq.                Date
Doll Amir & Eley LLP

**PLAINTIFFS**

_____          _____
Jacob Figueroa                                                    Date

_____          _____
Mary Jackson                                                      Date

**DEFENDANT, CAPITAL ONE, N.A.**

_____          _____
Steve Otero                                                          5/7/2020
E9984B816AB2457...
Title:_____          Date
       SVP & Chief Litigation Counsel

**CLASS COUNSEL**

_____          _____
Jeffrey D. Kaliel, Esq.                                      Date
KALIEL PLLC

_____          _____
Todd Carpenter, Esq.                                       Date
CARLSON LYNCH

**COUNSEL FOR CAPITAL ONE, N.A. COUNSEL - APPROVED AS TO FORM**

_____          _____
Hunter Eley, Esq.                                              May 07, 2020
Doll Amir & Eley LLP                                       Date

19

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

## <u>NOTICE REGARDING CLASS ACTION SETTLEMENT</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit claiming that Capital One, N.A. ("Capital One") breached its contract with accountholders and improperly assessed and collected fees when accountholders used an out of network ATM to conduct a balance inquiry. Capital One maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.

- A cash Settlement Fund of $13 million dollars has been established to pay Settlement Class Member Payments and any attorneys' fees, costs, expenses, and Service Awards ordered by the Court, as well as any Administrative Costs. Current and former Capital One customers who incurred at least one Out of Network ATM Balance Inquiry Fee may be eligible for a Settlement Class Member Payment from the Settlement Fund.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing And Receive A Payment Or Account Credit** | If you are entitled under the Settlement to a payment or account credit, you do not have to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class (*i.e.*, you do nothing and do not otherwise exclude yourself from the Settlement), you will automatically receive a payment or account credit. |
| **Exclude Yourself From The Settlement**<br>**Deadline: [Date]** | Instead of doing nothing, you may ask to be excluded from the lawsuit. If you do so, you will receive no benefit from the Settlement, but you retain your right to sue on your own. |
| **Object**<br>**Deadline: [Date]** | You may object to the terms of the Settlement Agreement and have your objections heard at the [date] Final Approval Hearing. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments and account credits will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

**Questions?  Call [phone] or visit www.[website].com**

| WHAT THIS NOTICE CONTAINS |
|:---:|

**BASIC INFORMATION** .................................................................................**PAGE 3**
    1.  Why is there a Notice?
    2.  What is this lawsuit about?
    3.  What is an Out of Network ATM Balance Inquiry Fee?
    4.  Why is this a class action?
    5.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .................................................................**PAGE 4**
    6.  Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS – WHAT YOU GET**..............................................**PAGES 4-5**
    7.  What does the Settlement provide?
    8.  How do I receive a payment or account credit?
    9.  What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..............................................**PAGES 5-6**
    10. How do I get out of the Settlement?
    11. If I don't exclude myself, can I sue Capital One for the same thing later?
    12. If I exclude myself from the Settlement, can I still receive a payment?

**THE LAWYERS REPRESENTING YOU** .........................................................**PAGE 6**
    13. Do I have a lawyer in this case?
    14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.............................................................**PAGE 7**
    15. How do I tell the Court that I don't like the Settlement?
    16. What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ...................................................**PAGE 8**
    17. When and where will the Court decide whether to approve the Settlement?
    18. Do I have to come to the hearing?
    19. May I speak at the hearing?

**IF YOU DO NOTHING** .............................................................................**PAGE 8**
    20. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................**PAGE 9**
    21. How do I get more information?

Questions?  **[phone]** or visit **www.[website].com**
**2**

## BASIC INFORMATION

| 1.  Why is there a Notice? |
|---|

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all your options before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The U.S. District Court for the Southern District of California is overseeing this case. The case is known as *Figueroa v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS. The people who sued are called the "Plaintiffs." The Defendant is Capital One.

| 2.  What is this lawsuit about? |
|---|

The lawsuit claims that Capital One breached its contract with accountholders and improperly assessed and collected Out of Network ATM Balance Inquiry Fees when accountholders used an out of network ATM to conduct a balance inquiry.

The Complaint in this action is posted on the Settlement Website, www.[website].com, and contains all of the allegations and claims asserted against Capital One. Capital One maintains it did nothing wrong but has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.  The Court has not decided which side is right.

| 3.  What is an Out of Network ATM Balance Inquiry Fee? |
|---|

An Out of Network ATM Balance Inquiry Fee or "OON Balance Inquiry Fee" means the fee Capital One charged accountholders when using a non-Capital One ATM to check an account balance. This Settlement does not relate to fees charged for cash withdrawals from out of network ATMs.

| 4.  Why is this a class action? |
|---|

In a class action, one person or a group of people, called Class Representatives (in this case, two Capital One customers who were assessed OON Balance Inquiry Fees) sued on behalf of people who have similar claims.

All the people who have claims similar to the Class Representatives are members of the Settlement Class, except for those who exclude themselves from the class.

| 5.  Why is there a Settlement? |
|---|

The Court has not decided in favor of either the Plaintiffs or Capital One. Instead, both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and Settlement Class Members receive the benefits described in this Notice. The Class Representatives and their attorneys think the Settlement is best for everyone who is affected.

# WHO IS IN THE SETTLEMENT?

If you received notice of the Settlement from a postcard or email addressed to you, then you may be in the Settlement Class. Even if you did not receive a postcard or email notice, you may still be in the Settlement Class, as described below.

| 6. Who is included in the Settlement? |
| --- |

With some exceptions explained below, you are a member of the Settlement Class if you are a current or former Capital One customer who was charged an OON Balance Inquiry Fee during "the Class Period."  The Class Period means:

(a) For Settlement Class Members whose accounts were established in Louisiana:  the period from April 6, 2008 to June 30, 2020;

(b) For Settlement Class Members whose accounts were established in Connecticut, New York and New Jersey:  the period from April 6, 2012 to June 30, 2020;

(c) For Settlement Class Members whose accounts were established in Virginia:  the period from April 6, 2013 to June 30, 2020;

(d) For Settlement Class Members whose accounts were established in Texas:  the period from April 6, 2014 to June 30, 2020;

(e) For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware:  the period from April 6, 2015 to June 30, 2020.

The Class Period differs by state or district due to the relevant statutes of limitation in those states/districts.  A statute of limitations is a law setting a specific period of time for the bringing of certain kinds of legal action.

Excluded from the Settlement Class is (1) Capital One, its parents, subsidiaries, affiliates, officers and directors; (2) all Settlement Class members who exclude themselves from the Settlement; and (3) all judges assigned to this litigation and their immediate family members.

# THE SETTLEMENT'S BENEFITS – WHAT YOU GET

| 7. What does the Settlement provide? |
| --- |

Capital One has agreed to establish a cash Settlement fund of $13 million dollars from which Settlement Class Members will receive payments or account credits. The amount of such payments or account credits cannot be determined at this time. However, it will be based on the number of Settlement Class Members and the amount of OON Balance Inquiry Fees each Settlement Class Member incurred. Pursuant to the Court's approval, the Settlement Fund will also be used to pay a Service Award of up to $10,000 for each Class Representative, attorneys' fees awarded to Class Counsel, reimbursement of Class Counsel's litigation expenses and costs, and Administrative Costs of the Settlement Administrator.

Any Residual Funds that are not feasible and practical to distribute to individual Settlement Class Members will be provided to one or more charitable organization ("*cy pres*" recipients). The parties will recommend an organization or organizations with their Motion for Final Approval.

**8.  How do I receive a payment or account credit?**

If you are in the Settlement Class and entitled to receive a payment, you do not need to do anything to receive a payment or account credit. If the Court approves the Settlement and it becomes final and effective, you will automatically receive a payment or account credit.

Capital One will determine whether Settlement Class Members receive account credit or a payment. Payments will be issued in the form of a check made payable to the name (or names, in the case of an account held jointly) exactly as it appears on the account. Checks will be mailed to eligible Settlement Class Members' last known mailing addresses, as determined through the postcard notice mailing process or otherwise. Settlement Class Members may write to the Settlement Administrator to provide mailing address updates before the Final Approval Hearing.

Settlement Class Members not deemed to have been reached by class notice will not receive a payment or credit.

**9.  What am I giving up to stay in the Settlement Class?**

If you stay in the Settlement Class, all the decisions by the Court will bind you, and you give Capital One a "release." A "release" means you cannot sue, continue to sue, or be part of any other lawsuit against Capital One about the legal issues in this case. Section 2.3 of the Settlement Agreement contains the release and describes the precise legal claims that you give up if you remain in the Settlement. The Settlement Agreement is available at www.[website].com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Capital One on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Settlement Class.

**10.  How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail that includes the following:

- Your name and Capital One account number(s);
- A dated, written statement that you want to "opt-out" or "be excluded" from the Settlement Class in *Figueroa v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS and understand that you will not receive a Settlement Class Member Payment from the Settlement; and
- Your personal signature.

You must mail your exclusion request, postmarked no later than **[deadline]**, to:

Settlement Administrator
ATM Balance Inquiry Fee Settlement Program
P.O. Box [xxxxx]
Richmond, VA 23260

If an account has more than one accountholder, then all accountholders on that account shall be deemed to have opted-out of the Settlement with respect to that account if any accountholder opts out of the Settlement, and no accountholder shall be entitled to a Settlement Class Member Payment.

| **11.  If I do not exclude myself, can I sue Capital One for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up the right to sue Capital One for the claims that the Settlement resolves. You must exclude yourself in order to try to pursue your own lawsuit.

| **12.  If I exclude myself from the Settlement, can I still receive a payment?** |
|---|

No. You will not receive a payment or account credit if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

| **13.  Do I have a lawyer in this case?** |
|---|

The Court has appointed a number of lawyers to represent you and others in the Settlement Class, including the law firms Kaliel PLLC and Carlson Lynch LLP. Class Counsel will represent you and others in the Settlement Class.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **14.  How will the lawyers be paid?** |
|---|

Class Counsel intends to request up to 30% of the Settlement Fund for attorneys' fees, plus reimbursement of their litigation expenses and costs incurred in connection with prosecuting this case. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will determine the amount of fees and expenses to award. Class Counsel will make their request for attorneys' fees and expenses by [date].

Class Counsel will also request that a Service Award of up to $10,000.00 for each Class Representative (totaling $20,000) be paid from the Settlement Fund for their service to the entire Settlement Class.  Any Service Award is subject to Court approval. The Class Representatives will make their request for a Service Award by [date].

**Questions?  [phone] or visit www.[website].com**
**6**

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 15.  How do I tell the Court that I don't like the Settlement? |
|---|

If you are a Settlement Class Member and have not requested to be excluded from the Settlement Class, you can object to any part of the Settlement; the Settlement as a whole; Class Counsel's requests for fees, costs and expenses; and/or Class Counsel's request for Service Awards for the Class Representatives. To object, you must submit your objection by first class mail to the Clerk of the Court and the Settlement Administrator. Your objection must include the following:

- The name and case number of this case, which is *Figueroa v. Capital One, N.A.*, Case No. 3:18-cv-00692-JM-BGS;
- Your full name, address and telephone number;
- All grounds for the objection, accompanied by citation to any relevant legal authority;
- The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection, and a copy of any orders or opinions related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case;
- The identity of any attorney representing you;
- Any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between you and any other person or entity;
- The number of times in which your attorney and/or your attorney's law firm have objected to a class action settlement within the five years preceding the date you file the objection, the caption of each case, and a copy of any orders related to or ruling upon attorney's or attorney's law firm's prior objections within the preceding five years;
- A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;
- A statement confirming whether you (or your attorney) intend to personally appear and/or testify at the Final Approval Hearing; and
- Your personal signature (an attorney's signature is not sufficient).

Your objection must be mailed to the following addresses and postmarked no later than [date]:

| Clerk of the Court<br>U.S. District Court for the<br>Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | Settlement Administrator<br>ATM Balance Inquiry Fee Settlement Program<br>P.O. Box [xxxxx]<br>Richmond, VA 23260 |
|---|---|

| 16.  What's the difference between objecting and excluding? |
|---|

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement and the request for attorneys' fees, litigation expenses and costs, and Service Awards for the Class Representatives. You may attend and you may ask to speak, but you don't have to do so. If you retain your own counsel, they may appear on your behalf.

### 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at [time] PT on [date], at the United States District Court for the Southern District of California, located at 333 West Broadway, Suite 420, San Diego, CA 92101. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website at www.[website].com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for the Service Awards for the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

### 18.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. Provided you submitted your written objection on time, to the proper address, and it complies with the requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THE SETTLEMENT.

### 19.  May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement by asking to speak in your objection by following the instructions above in Section 15.

# IF YOU DO NOTHING

### 20.  What happens if I do nothing at all?

If you do nothing, you will still receive the benefits to which you are entitled, assuming you can be reached by class notice. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Capital One relating to the issues in this case.

# GETTING MORE INFORMATION

| 21.  How do I get more information? |
|---|

This Long Form Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement at www.[website].com. You may also write with questions to the Settlement Administrator, ATM Balance Inquiry Fee Settlement Program, P.O. Box [xxxxx], Richmond, VA 23260, or call the toll-free number, [phone].  Do not contact Capital One or the Court for information.



**Questions?  [phone] or visit www.[website].com**
**9**

# EXHIBIT B

**Subject: Notice of Class Action Settlement – Capital One ATM Balance Inquiry Fees**

**Email Text:**

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA</u>

# <u>NOTICE REGARDING CLASS ACTION SETTLEMENT</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit claiming that Capital One, N.A. ("Capital One") breached its contract with accountholders and improperly assessed and collected fees when accountholders used a non-Capital One ATM to check an account balance. Capital One maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation. The Court has not decided which side is right.  You can read the Settlement Agreement and other important documents on the Settlement Website at www.ATMBalanceInquiryFeeSettlement.com.

**<u>Who's Included?</u>**
Capital One's records show you are a member of the Settlement Class. The Settlement Class means all current and former Capital One accountholders who were charged an Out of Network ATM Balance Inquiry Fee during the Class Period, which varies by the state in which a Settlement Class Member's account was established as follows:

> (a) For Settlement Class Members whose accounts were established in Louisiana:  the period from April 6, 2008 to June 30, 2020;

> (b) For Settlement Class Members whose accounts were established in Connecticut, New York and New Jersey:  the period from April 6, 2012 to June 30, 2020;

> (c) For Settlement Class Members whose accounts were established in Virginia:  the period from April 6, 2013 to June 30, 2020;

> (d) For Settlement Class Members whose accounts were established in Texas:  the period from April 6, 2014 to June 30, 2020; and

> (e) For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware:  the period from April 6, 2015 to June 30, 2020.

Excluded from the Settlement Class are (1) Capital One, its parents, subsidiaries, affiliates, officers and directors; (2) all Settlement Class members who exclude themselves from the Settlement; and (3) all judges assigned to this litigation and their immediate family members.

**<u>What is an Out of Network ATM Balance Inquiry Fee?</u>**  An Out of Network ATM Balance Inquiry Fee or "OON Balance Inquiry Fee" means the fee Capital One charged accountholders when using a non-Capital One ATM to check an account balance. This Settlement does not relate to fees charged for cash withdrawals from a non-Capital One ATM.

**<u>What are the Settlement Terms?</u>**
A cash Settlement Fund of $13 million dollars has been established to pay (1) Settlement Class Member Payments; (2) attorneys' fees (of up to 30% of the Settlement Fund), costs, and expenses; (3) Class Representative Service Awards; and (4) Administrative Costs. Current and former Capital One customers who incurred at least one OON Balance Inquiry Fee may be eligible for a Settlement Class Member Payment (in the form of a check or account credit) from the Settlement Fund. The amount of each Settlement Class Member Payment will be based on the number of Settlement Class Members and the amount of OON Balance Inquiry Fees each Settlement Class Member incurred. You do not have to do anything to receive your benefit.

Ex. 1

Capital One will determine whether Settlement Class Members receive account credit or a check. If you receive a check, it will be mailed to and made payable to the name and address on record with Capital One and/or the United States Postal Service's National Change of Address database.

**Your Other Options.**

If you do not want to be bound by the Settlement, you must exclude yourself by [DATE]. If you exclude yourself, you cannot get money or a credit from this Settlement. Alternatively, if you do not exclude yourself, you may object to the Settlement by [DATE]. If you do not exclude yourself, you will release your claims against Capital One. The Long Form Notice available upon request and at the Settlement Website listed below explains how to exclude yourself or object. The Court will hold a hearing at [TIME] PT on [DATE], at the United States District Court for the Southern District of California, located at 333 West Broadway, Suite 420, San Diego, CA 92101, to consider whether to approve the Settlement, a request by Class Counsel for attorneys' fees, a request by Class Counsel for costs and expenses for litigating the case, and a request by the Class Representatives for Service Awards of up to $10,000 each. You may appear at the hearing, but you do not have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This email provides limited information about the Settlement.  For more information:

**www.ATMBalanceInquiryFeeSettlement.com**

**[PHONE NUMBER]**

# EXHIBIT C

FIRST-CLASS
MAIL U.S.
POSTAGE PAID
PERMIT NO
1234

**LEGAL NOTICE**

*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

Capital One, N.A.'s ("Capital One") records indicate you are a current or former Capital One accountholder who was charged a fee to check an account balance at a non-Capital One ATM. As such, you may be entitled to benefits from a proposed class action Settlement.

A Settlement has been reached in the United States District Court for the Southern District of California (the "Court") called *Figueroa v. Capital One, N.A.,* Case No. 3:18-cv-00692-JM-BGS, claiming that Capital One breached its contract with accountholders and improperly assessed and collected fees when accountholders used out of network ATMs to conduct a balance inquiry. Capital One maintains it did nothing wrong; however, it has agreed to settle the lawsuit to avoid the cost, delay, and uncertainty of litigation.

ATM Balance Inquiry Fee Settlement Program
P.O. Box XXXXX
Richmond, VA 23260



**John Q. Sample, Jr.**
123 Main Street
Apt. #4
New York, NY 12345-6789

---

**www.ATMBalanceInquiryFeeSettlement.com**
**[PHONE NUMBER]**

Ex. 1
62

**Who's included?** Capital One's records show you are a member of the Settlement Class. The Settlement Class means all current and former Capital One accountholders who were charged an Out of Network ATM Balance Inquiry Fee during the Class Period, which varies by the state in which a Settlement Class Member's account was established (LA: 4/6/08-6/30/20; CT/NY/NJ: 4/6/12-6/30/20; VA: 4/6/13-6/30/20; TX: 4/6/14-6/30/20; DC/MD/DE: 4/6/15-6/30/20). Excluded from the Settlement Class are (1) Capital One, its parents, subsidiaries, affiliates, officers and directors; (2) all Settlement Class members who exclude themselves from the Settlement; and (3) all judges assigned to this litigation and their immediate family members.

**What is an Out of Network ATM Balance Inquiry Fee?**  An Out of Network ATM Balance Inquiry Fee or "OON Balance Inquiry Fee" means the fee Capital One charged accountholders when using a non-Capital One ATM to check an account balance. This Settlement does not relate to fees charged for cash withdrawals from a non-Capital One ATM.

**What are the Settlement terms?**  A cash Settlement Fund of $13 million dollars has been established to pay (1) Settlement Class Member Payments; (2) attorneys' fees (of up to 30% of the Settlement Fund), costs, and expenses (3) Class Representative Service Awards; and (4) Administrative Costs. Current and former Capital One customers who incurred at least one OON Balance Inquiry Fee may be eligible for a Settlement Class Member Payment (in the form of a check or account credit) from the Settlement Fund. The amount of each Settlement Class Member Payment will be based on the number of Settlement Class Members and the amount of OON Balance Inquiry Fees each Settlement Class Member incurred. You do not have to do anything to receive your benefit.

**Your Other Options.**  If you do not want to be bound by the Settlement, you must exclude yourself by [DATE]. If you exclude yourself, you cannot get money or a credit from this Settlement. Alternatively, if you do not exclude yourself, you may object to the Settlement by [DATE]. If you do not exclude yourself, you will release your claims against Capital One. The Long Form Notice available upon request and at the Settlement Website listed below explains how to exclude yourself or object. The Court will hold a hearing at [TIME] PT on [DATE], at the United States District Court for the Southern District of California, located at 333 West Broadway, Suite 420, San Diego, CA 92101, to consider whether to approve the Settlement, a request by Class Counsel for attorneys' fees, a request by Class Counsel for costs and expenses for litigating the case, and a request by the Class Representatives for Service Awards of up to $10,000 each. You may appear at the hearing, but you do not have to. You may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This postcard provides limited information about the Settlement.  For more information:
**www.ATMBalanceInquiryFeeSettlement.com**
**[PHONE NUMBER]**

Ex. 1
68

# EXHIBIT D

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FIGUEROA AND MARY JACKSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CAPITAL ONE, N.A.,<br><br>    Defendant. | Case No.: 18-cv-692-JM(BGS)<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS**<br><br>Date:   June 8, 2020<br>Time:   10:30 a.m.<br>Judge:  Hon. Jeffrey T. Miller<br>Place:   Courtroom 5D (5th Flr.) |

This case comes before the Court on the motion of Plaintiffs, Jacob Figueroa and Mary Jackson ("Plaintiffs"), on behalf of themselves and the Settlement Class they seek to represent, for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, granting Preliminary Approval of Settlement Agreement and Release ("Agreement") entered into between Plaintiffs and Defendant Capital One, N.A. ("Capital One") dated May 8, 2020.

The definitions and capitalized terms in the Agreement and Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class are hereby incorporated as though fully set forth in this Order and shall have the same meanings attributed to them in those documents.

Having considered the matter, Plaintiffs' motion, the proposed Agreement, and the Declaration of Jeffrey Kaliel, and good cause appearing therefore,

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS

Exhibit<br>65

18cv692 JM(BGS)

IT IS HEREBY ORDERED THAT:

1.    The Agreement is preliminarily approved as fair, reasonable, and adequate. Plaintiffs and the Settlement Class, by and through their counsel, have investigated the facts and law relating to the matters alleged in the First Amended Complaint, including through dispositive motion practice, legal research as to the sufficiency of the claims, an evaluation of the risks associated with continued litigation, trial, and/or appeal, and confirmatory discovery.

2.    The Agreement appears to be the product of arm's length negotiations between Class Counsel and counsel for Capital One, which occurred following mediation before Bruce Friedman, Esq. of JAMS.

3.    The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All Capital One accountholders in the United States who, within the Class Period, incurred at least one OON Balance Inquiry Fee. Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors; all accountholders who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

"Class Period" means

- For Settlement Class Members whose accounts were established in Louisiana:  the period from April 6, 2008 to June 30, 2020;

- For Settlement Class Members whose accounts were established in Connecticut, New York and New Jersey:  the period from April 6, 2012 to June 30, 2020;

- For Settlement Class Members whose accounts were established in Virginia:  the period from April 6, 2013 to June 30, 2020;

- For Settlement Class Members whose accounts were established in Texas: the period from April 6, 2014 to June 30, 2020;

- For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware:  the period from April 6, 2015 to June 30, 2020.

4.    The Court finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that

joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Additionally, for purposes of settlement only, the Court finds that Capital One has acted on grounds that apply generally to the Settlement Class, so that the final injunctive relief to which the Parties have agreed is appropriate respecting the Settlement Class as a whole.

6.      For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, that Plaintiffs Jacob Figueroa and Mary Jackson will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them Class Representatives of the Settlement Class.

7.      For purposes of the Settlement only and pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel Kaliel PLLC and Carlson Lynch LLP to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement.

8.      The Court designates BrownGreer PLC as Settlement Administrator to administer the notice procedures. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS

18cv692 JM(BGS)

9.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

10.     The Court approves, as to form and content, the Settlement Class Notices attached to the Agreement as Exhibits A, B, and C for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class members. The Court finds that the Settlement Class Notices are reasonable; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Settlement Class Notices comply with Rule 23(e) of the Federal Rules of Civil Procedure as they are a reasonable manner of providing notice to those Settlement Class members who would be bound by the Agreement. The Court also finds that the manner of dissemination of notice complies with Rule 23(c)(2), as it is also the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

11.     As soon as possible after the entry of this order, but not later than 70 days after the entry of this Order, the Settlement Administrator will complete notice to the Settlement Class as provided in the Agreement.

12.     The Settlement Class Notices shall be updated by Plaintiffs and/or the Settlement Administrator to identify the Opt-out and Objection Deadlines of 130 days after the entry of this Order, as well as the date and time of the Final Approval Hearing as set forth below.

13.     Capital One shall deposit the Cash Settlement Amount into an escrow account selected by the Settlement Administrator within 15 days of this Order. Capital One will implement the disclosure language changes, as stated in Exhibit E to the Agreement, by June 30, 2020.

14.     Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement by submitting to the Settlement Administrator at the physical address listed in the Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be postmarked no later than the Opt-Out Deadline; (ii) include the Settlement Class member's name address, telephone number, and Capital One account number(s); and (iii) be personally signed and dated by the Settlement Class member. All persons who timely submit properly completed requests for exclusion shall have no rights under the Agreement and shall not share in the benefits of the Settlement and shall not be bound by the Agreement. Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement.

15.     Any person falling within the definition of the Settlement Class, and who does not opt-out from the Settlement, may object to the terms of the proposed Settlement as reflected in the Agreement, the certification of the Settlement Class, the entry of the Final Approval Order, the amount of attorneys' fees and expenses requested by Class Counsel, and/or the amount of the Service Awards requested by the Plaintiffs. To be valid and considered by the Court, an objection must (i) be postmarked no later than the Objection Deadline; (ii) be sent to the Clerk of Court and the Settlement Administrator, by first class mail and postmarked no later than the Objection Deadline; (iii) include the case name and case number and the objector's name, address, telephone number, and signature; (iv) contain an explanation of the nature of the objection and citation to any relevant legal authority; (v) indicate the number of times the objector has objected to a class action

settlement in the past 5 years and the caption for any such case(s) and a copy of any orders related to or ruling upon the objector's prior objections issued by the trial and appellate courts in each case; (vi) identify any counsel representing the objector; (vii) identify the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection (including the caption of each case and a copy of any orders related to or ruling upon counsel's or counsel's law firm's prior objections within the preceding five (5) years)); (viii) indicate whether the objector (whether *pro se* or through representation) intends to testify at the Final Approval Hearing.

16.   Plaintiffs and Capital One may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this order may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

17.   Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

18.   All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

19.   Upon the entry of this Order, the Class Representatives and Settlement Class members shall be provisionally enjoined and barred from asserting any claims against Capital One and the Capital One Releasees arising out of, relating to, or in connection with the Released Capital One Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS                                                    18cv692 JM(BGS)

20.     This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Capital One of any liability or wrongdoing by Capital One or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the assessment of overdraft fees or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to Capital One's assessment of balance inquiry fees. Capital One may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     The Settlement will not become effective unless the Court enters a Final Approval Order. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, Capital One shall have the right to terminate the Agreement and the Settlement and will have no further obligations under the Agreement unless Capital One waives in writing its right to terminate the Agreement under this section. In addition, if the Agreement becomes null and void, Capital One shall not be prejudiced in any way from opposing class certification in the Actions, and Plaintiffs and the Settlement Class members shall not use anything in the Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by Capital One. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend the Actions in the event that this Agreement does not become final and binding.

22.     The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS

18cv692 JM(BGS)

23.    Plaintiffs' Motion for Final Approval of the Settlement must include the required and customary filings. In addition, the motion papers shall include:

a.    A declaration evidencing Capital One's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice.

b.    A declaration from the Settlement Administrator regarding compliance with its duties under the Settlement and this Order; a copy of the actual Notices (Email, Postcard, and Long Form) sent to the class; and a report on (1) the number of Settlement Class members to whom Email Notice was sent, (2) the number of returned undelivered email notices, (3) the number of Settlement Class members to whom Postcard Notices were initially sent, (4) an explanation of efforts to locate correct addresses for returned undelivered Postcard Notices after the first mailing, (5) the number of notices sent to the updated addresses in a second mailing, and (6) the number of such notices returned undelivered.

c.    An explanation of how class counsel calculated the most likely recoverable damages.

24.    For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

25.    Class Counsel and Capital One Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Settlement Class Notices, and other exhibits that they jointly agree are reasonable or necessary.

26.    The Final Approval Hearing will be conducted at the U.S. District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101

ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS

18cv692 JM(BGS)

on _____, 2020, at _____ am to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same form as the Parties propose; (c) whether to approve any motion for attorneys' fees and costs and expenses and/or any application for Class Representative Service Awards; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

27.    The Parties must file all papers in support of Final Approval of the Agreement and in response to objections to the Agreement on or before 170 days after the date of entry of this Order ("Final Approval Motion Deadline"). Any motion for attorneys' fees and costs and expenses and/or any application for Class Representative Service Awards shall be filed within 70 days of entry of this Order.

28.    The Court hereby sets the following schedule of events:

| Event | Calendar Days After Entry of this Order | Date |
|---|---|---|
| Notice Complete | 70 Days | |
| Motion for Class Representatives' Service Awards and Attorneys' Fee and Expense Awards | 70 Days | |
| Opt-Out Deadline | 130 Days | |
| Objection Deadline | 130 Days | |
| Motion for Final Approval | 170 Days | |
| Final Approval Hearing | 200 Days (or when convenient for the Court) | |

Dated: _____          _____

                                                         Hon. Jeffrey T. Miller
                                                         United States District Judge

9

# EXHIBIT E

# **EXHIBIT E**

EFT Agreement, Section 7

When you use your ATM/Debit Card at a non-Capital One Bank branded ATM, the ATM owner/operator may charge you a fee for your use of their ATM, and you may be charged a fee for a balance inquiry even if you do not complete a cash withdrawal or funds transfer. You may also be charged a fee by us, as disclosed in our then current Schedule of Fees and Charges, for each cash withdrawal, funds transfer or balance inquiry that you make using a non-Capital One Bank branded ATM.

Schedule of Fees and Charges (from product-specific Account Disclosure)

| | |
|---|---|
| Non-Capital One Bank ATM Fee for cash withdrawals, funds transfers, and balance inquiries<br>   (You may be charged a separate fee for each of these actions.) | $2.00 each |

Schedule of Miscellaneous Fees and Charges

| | |
|---|---|
| The fees listed below are effective as of *****: | |
| | |
| ATM Fees<br><br>   Non-Capital One Bank ATM Fee for cash withdrawals,  funds transfers, and balance inquiries<br>   (You may be charged a separate fee for each of these actions.) | $2.00 each |

Explanation of Various Key Services and Charges /Product Evaluation Worksheet ("PEW")

| ATM Charges | | |
|---|---|---|
| Capital One-Branded ATMs | Free | For cash withdrawals, funds transfers, or balance inquiries when you use a Capital One-branded ATM. |
| Domestic Non-Capital One Bank ATMs | $2 each | For cash withdrawals, funds transfers, or balance inquiries when you use a Non-Capital One Bank ATM in the U.S. (plus any fee the ATM owner charges).  (You may be charged a separate fee for each of these actions.) |