UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB FIGUEROA and MARY JACKSON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | Case No.: 18cv692 JM(BGS)<br><br>**ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Presently before the court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. A telephonic hearing on the motion was held on June 8, 2020. For the reasons set forth on the record and as explained in more detail below, the motion is **GRANTED**.

**I.     Background**

This dispute centers around the fees Defendant Capital One, N.A., ("Capital One"), charges its customers for using Out-of-Network ("OON") automatic teller machines ("ATMs"). When a Capital One accountholder withdraws funds from an OON ATM they are typically assessed a $2 or $3 fee by the ATM owner along with a $2 charge by Capital One. Capital One also charges its accountholders a third fee if a customer checks their balance while in the process of making a cash withdrawal at OON ATMs. (Doc. No. 6, "FAC" at ¶ 6.) Plaintiffs allege that these fees for OON balance inquiries, or "third" fees,

were wrongfully charged and were in violation of Capital One's standardized account agreement, Fee Schedule and Electronic Funds Transfers Agreement and Disclosure. (FAC at ¶¶ 24, 31, 33, 50, 67-71.)  Typically, Capital One charged its customers $2.00[1] for each OON balance inquiry about which they complain.

On April 6, 2018, Plaintiffs initiated this action by filing suit.  (Doc. No. 1.)   On May 30, 2019, an amended complaint was filed that alleges eight causes of action, namely: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) conversion; (4) unjust enrichment; (5) violation of the unfair prong of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq*; (6) violation of the fraudulent prong of the UCL; (7) violation of the California Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1770, *et seq*; and (8) violation of the New York Consumer Protection Act, N.Y. GEN. BUS. LAW §§ 349-350.  (*See generally* FAC.)

On October 7, 2019, the court denied Defendant's motion for partial summary judgment on Plaintiffs' breach of contract claim.  (Doc. No. 56.)

On March 4, 2020, the parties participated in a private mediation before Bruce Freidman, Esq., which, after a full day's mediation, led to the proposed settlement currently before the court.

**II.     Settlement Agreement Terms**

On May 8, 2020, Plaintiffs filed the instant motion for preliminary approval of the class action settlement. [2]  (Doc. No. 74.)  The motion contained drafts of the notices to potential class members that would be emailed, mailed and posted on a website. (Doc. No. 75, Exhibit A-C, at 24-38.)

The class is defined as follows:

> All Capital One accountholders in the United States who, within the Class Period, incurred at least one OON Balance Inquiry Fee.  Excluded from the

---

[1] This third fee has now increased to $2.50.

[2] A corrected appendix of exhibits was filed after the original motion was filed. (*See* Doc. No 75.)

> Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors; all accountholders who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

(Doc. No. 75, "Agreement" at ¶ 1.22.)  At the hearing, Mr. Kaliel clarified that the class includes former and current account holders.

> The class period is defined as follows:
>
> - For settlement Class Members whose accounts were established in Louisiana: the period from April 6, 2008 to June 30, 2020;
> - For settlement Class Members whose accounts were established in Connecticut, New York, and New Jersey: the period from April 6, 2012 to June 30, 2020;
> - For settlement Class Members whose accounts were established in Virginia: the period from April 3, 2013 to June 30, 2020;
> - For settlement Class Members whose accounts were established in Texas: the period from April 6, 2014 to June 30, 2020; and
> - For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware; the period from April 6, 2015 to June 30, 2020.

(Agreement at ¶ 1.4.)  During the hearing, the court confirmed that all class members are covered in the class periods.

A total of 1,683,345 Capital One customers are eligible class member. (Doc. No. 74-3, Kaliel Decl. at ¶ 30.)  The Settlement Agreement requires Capital One to pay a gross settlement amount of $13,000,000, allocated as follows: $10,000 as an incentive award for Figueroa; $10,000 as an incentive award for Jackson; $3,900,000 to Plaintiffs' counsel (*See* Agreement, at ¶¶ 1.6, 3.1, 3.2.)  What was unknown from the papers was the amount estimated to be paid to BrownGreer, PLC, the Class Administrator for administration cost and Plaintiffs' counsels' costs.  When questioned by the court, Plaintiffs' counsel, Mr. Kaliel, informed the court that Administrator costs are estimated to be at $750,000, with counsels' cost estimated at approximately $100,000. The resulting amount left in the

settlement fund to pay class member, based off Plaintiffs' numbers, is projected to be $8,230,000.[3]

The settlement provides that each member who paid at least one OON Balance Inquiry Fee that was assessed during the Class Period shall be entitled to receive a class member payment from the Settlement Fund. "Each member's payment shall be equal to the member's pro rata share of the settlement fund based on the total number of OON Balance Inquiry Fees paid by class member." (Agreement at 7.) No information regarding the average amount each class member will recover was provided. At the hearing, Mr. Kaliel informed the court that over the class period Capital One has assessed the third fee approximately 20 million times.

In exchange for their pro rata share, all class members are deemed to release Capital Once from claims relating to the subject matter of this action. (*Id.* at 7, 8.)

The updated Notices submitted following the hearing clarify that the settlement administration costs will be paid from the Settlement Amount, and that both current and former Capital One accountholders are eligible for relief under the Settlement. The Notices also state expressly that Plaintiffs may seek Service Awards of up to $10,000 and may seek attorneys' fees of up to 30% of the Settlement Amount, plus costs and expenses incurred in litigating this matter. (*See* Doc. No. 79-6, Exhibits 1A, 1B, 1C.)

### III.   Preliminary Certification of Rule 23 Class

Before approving the Settlement, the court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). In the settlement context, the court "must pay undiluted, even heightened, attention to class certification requirements." *Id.* In addition, the court must

---

[3] This figure was calculated using the amounts Plaintiffs are requesting and projecting.

determine whether class counsel is adequate (Fed. R. Civ. P. 23(g)), and whether "the action is maintainable under Rule 23(b)(1), (2), or (3)." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (quoting *Amchem Prod. v. Windsor*, 521 U.S. 591, 614 (1997)).

### A. Numerosity

This requirement is satisfied if the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "A class greater than forty members often satisfies this requirement …." *Walker v. Hewlett-Packard Co.,* 295 F.R.D. 472, 482 (S.D. Cal. 2013) (citing *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346 (N.D. Cal. 2008). Here, the parties estimate approximately 1,683,345 class members. Joinder of all these potential plaintiffs would be impracticable. Accordingly, this requirement has been met.

### B. Commonality

This requirement is satisfied if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "To satisfy this commonality requirement, plaintiffs need only point to a single issue common to the class." *Vasquez v. Coast Valley Roofing, Inc.,* 670 F. Supp. 114, 1121 (E.D. Cal. 2009). Here, the commonality requirement is satisfied because the class claims involve common questions of law and fact regarding Defendant's allegedly deceptive assessment of OON Balance Inquiry Fees which purportedly violated Capital One's standardized account agreement, fee schedule and disclosures.

### C. Typicality

This requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation and citation omitted). Here, the typicality requirement is satisfied because the claims of lead Plaintiffs and the class are

based on the allegations that Capital One's practices violated the contracts it had entered into with class members. Moreover, the Plaintiffs and the class members are alleged to have suffered the same injuries and will benefit from the relief provided by the settlement. Therefore, for purposes of settlement, Plaintiffs have made an adequate showing of typicality.

### D. Adequacy

The final Rule 23(a) requirement is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requires the court address two questions: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *In re Mego*, 213 F.3d at 462. A court certifying a class must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* at 23(g)(1)(B). Here, there is no obvious conflict between Figueroa's and Jackson's interests and those of the class members. Similarly, Plaintiffs' counsel appears to have extensive experience in litigating consumer actions, has litigated and resolved several similar cases involving bank fees, have spent "many hours" investigating the claims of potential plaintiffs and "expended significant resources" researching and developing the claims. (*See*, Kaliel Decl. ¶¶ 4-10.) Accordingly, the court finds this element satisfied for the purposes of preliminary approval.

### E. Predominance and Superiority

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must show that the action is maintainable under Fed. R. Civ. P 23(b)(1), (2) or (3)." *Hanlon,* 150 F.3d at 1022. "Rule 23(b)(3) permits a party to maintain a class action if . . . the court finds that the questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Conn. Ret. Plans & Trust Funds v. Amgen Inc.,* 660 F.3d 1170, 1173 (9th Cir. 2011), *aff'd* 133 S. Ct. 1184 (2013) (citing Fed. R. Civ. P. 23(b)(3)). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon,* 150 F.3d at 1022-23 (quoting *Amchen Prods, Inc.,* 521 U.S. at 623). An examination into whether there are "legal or factual questions that qualify each class member's case as a genuine controversy" is required. *Id.* The superiority inquiry "requires determination of whether the objectives of a particular class action procedure will be achieved in a particular case." *Id.* at 123.

Here, all of the class members entered into the same or substantially similar agreements with Defendant and each was charged an OON Balance Inquiry Fee that allegedly violates the agreements in question. Thus, although each class member may have paid different cumulative amounts of OON Balance Inquiry Fees over the class period, the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.* 244 F.3d 1152, 1162 (9th Cir. 2001). Moreover, Capital One's policies have been applied and continue to be applied uniformly to the settlement class. In sum, the legal and factual questions common to each class member's claim predominate over any questions affecting individual class members. The relatively limited potential recovery for the class members as compared with the costs of litigating the claims also support the preliminary conclusion that a class action is superior to other methods for adjudicating this controversy.

In accordance with the above, for purposes of settlement, Figueroa and Jackson have satisfied the requirements for certification of a class under Rule 23.

### IV. Preliminary Approval of Settlement

"At the preliminary approval stage, the Court may grant preliminary approval of a settlement if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant

7

18cv692 JM(BGS)

preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Sciortino v. PepsiCo, Inc.*, No. 14-CV-00478-EMC, 2016 WL 3519179, at *4 (N.D. Cal. June 38, 2016) (quoting *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011). "At the preliminary approval stage, a full fairness analysis is unnecessary." *Zepeda v. Paypal, Inc.,* No. C 10-1668 SBA, 2014 WL 718509, at *4 (N.D. Cal. Feb. 24, 2014) (internal quotation marks and citation omitted). "Closer scrutiny is reserved for the final approval hearing." *Sicortino,* 2016 WL 3519179, at *4.

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. The Rule also "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate and reasonable." *Id.* at 1026. In making this determination, the court is required to "evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Because a "settlement is the offspring of compromise, the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

In assessing a settlement proposal, the district court is required to balance a number of factors, namely:

> the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* at 1026. When reviewing a proposed settlement, the court's primary concern "is the protection of those class members, including the named plaintiffs, whose rights may not

have been given due regard by the negotiating parties." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. Of S.F.,* 688 F.2d 615, 624 (9th Cir. 1982). Ultimately, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

In the motion, class counsel argues that each of the factors weighs in favor of preliminary approval of the settlement. Class counsel are experienced attorneys in the area of consumer class actions, including those involving assessment of banking fees, and the settlement has been reached following an all-day mediation before an independent third-party. (*See* Kaliel Decl. at ¶¶ 4, 13, 17.) Class counsel had also engaged in formal and informal discovery when the settlement was reached. (*Id. at ¶¶* 8, 11-13. 15, 18.) In support of the settlement, counsel also point to the risk associated with the uncertainty accompanying continued litigation, the fact that class certification has yet to be obtained and the various defenses available to Capital One. Counsel noted that "Plaintiffs concluded that the benefits of settling outweigh the risks and uncertainties of continued litigation," also explaining that "[t]he litigation has been hard-fought as the Parties have engaged in motion practice, fact discovery, and reviewed pertinent account data to understand the scope of the damages at issue and sustained by Settlement Class members." (Doc. No. 74-1 at 17; Kaliel Decl. at ¶ 18.)

In their papers, Plaintiffs also proclaim that the settlement "is squarely within the range of appropriateness for approval" and that after "analyzing Capital One's Class-wide data, Class Counsel estimates that the Settlement Class is recovering approximately 33% of their most probable damages, without further risks attendant to litigation." (Doc. No. 74-1 at 21, 22.) Further, Plaintiffs claim that the $13,000,000 settlement result is even better when considering Capital One's commitment to modify its disclosures. As disclosed at the hearing, Capital One has charged its customers this third OON Balance Inquiry Fee over twenty million times during the class period. Although, the preliminary approval papers do not disclose, or even attempt to estimate, the average amount of the settlement

fund each class member will receive, Plaintiffs have purportedly recovered 33% of their most probable damages.[4]

Thus, based on the court's experience with consumer class actions, and the accompanying declarations from experienced class counsel, the court preliminarily approves the settlement.

## V.  Conclusion and Order

In light of the foregoing, it is hereby ORDERED as follows:

1.  The court finds on a preliminary basis that the provisions of the Settlement Agreement and Release (hereinafter "Agreement"), filed with the court as Exhibit 1 to the Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class (Doc. No. 75), are fair, just, reasonable, and adequate and, therefore, meet the requirements for preliminary approval.

2.  For purposes of this Order, the court adopts all defined terms as set forth in the Agreement.

3.  The court conditionally certifies, for settlement purposes only, the following Settlement Class described in the Agreement as: "All Capital One accountholders in the United States who, within the Class Period, incurred at least one OON Balance Inquiry Fee.  Excluded from the Settlement Class is Capital One, its parents, subsidiaries, affiliates, officers and directors; all accountholders who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members."

Class Period means:

- For settlement Class Members whose accounts were established in Louisiana: the period from April 6, 2008 to June 30, 2020;

---

[4] The court anticipates that an explanation of how class counsel calculated the most likely recoverable damages will accompany Plaintiffs' motion for Final Approval of the Settlement (*see* Doc. No 75, Exhibit D, ¶ 23.c.).

- For settlement Class Members whose accounts were established in Connecticut, New York, and New Jersey: the period from April 6, 2012 to June 30, 2020;
- For settlement Class Members whose accounts were established in Virginia: the period from April 3, 2013 to June 30, 2020;
- For settlement Class Members whose accounts were established in Texas: the period from April 6, 2014 to June 30, 2020; and
- For Settlement Class Members whose accounts were established in the District of Columbia, Maryland, and Delaware; the period from April 6, 2015 to June 30, 2020.

4. The court finds, for settlement purposes only, that Capital One has acted on grounds that apply generally to the Settlement Class, so that the injunctive relief to which the Parties have agreed is appropriate respecting the Settlement Class as a whole.

5. The court appoints, for settlement purposes only, Plaintiffs Jacob Figueroa and Mary Jackson as representatives for the Settlement Class.

6. The court preliminarily appoints Class Counsel Kaliel PLLC and Carlson Lynch as Class Counsel for purposes of settlement.

7. The court appoints BrownGreer PLC as the Settlement Administrator. The Settlement Administrator shall administer the notice procedures and distribute payments and shall abide by the terms and conditions of the Agreement regarding the duties the Settlement. All reasonable fees and costs of the Settlement Administrator shall be paid from the Settlement Fund.

8. Capital One shall deposit the Cash Settlement Amount into an escrow account selected by the Settlement Administrator within 15 days of this Order. Capital One will implement the disclosure language changes, as stated in Exhibit E to the Agreement, by June 30, 2020.

9. The Updated Class Notices, filed with the court (Doc. No. 79-6, Exhibit 1A, 1B, 1C) are approved. The Court approves, as to form and content, the updated Settlement Class Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class members. The

Court finds that the Settlement Class Notices are reasonable; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Settlement Class Notices comply with Rule 23(e) of the Federal Rules of Civil Procedure as they are a reasonable manner of providing notice to those Settlement Class members who would be bound by the Agreement. The Court also finds that the manner of dissemination of notice complies with Rule 23(c)(2), as it is also the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

10. As soon as possible after the entry of this order, but not later than 70 days after the entry of this Order, the Settlement Administrator will complete notice to the Settlement Class as provided in the Agreement.

11. The Settlement Class Notices shall be updated by Plaintiffs and/or the Settlement Administrator to identify the Opt-out and Objection Deadlines of 130 days after the entry of this Order, as well as the date and time of the Final Approval Hearing as set forth below.

12. The court will hold a Final Approval Hearing on ***January 11, 2021*** at **10:00 a.m.** before Honorable Jeffrey T. Miller, United States District Court for the Southern District of California, Courtroom 5D (5th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

    a. Finally determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and whether the Class should be certified for the purpose of effectuating the Settlement;

    b. Finally determining whether the proposed Settlement is fundamentally fair, reasonable, and adequate, and in the best interests of the Settlement

      Class Members and should be approved by the court;

    c. Considering the application of class counsel for an award of attorneys' fees and costs, as provided in the Agreement;

    d. Considering the applications of the named Plaintiffs for a class representative incentive award as provided in the Agreement;

    e. Considering whether the order granting final approval of the class action settlement and judgement, as provided under the Agreement, should be entered, dismissing the Action with prejudice and releasing the Released Claims against the Released Parties; and

    f. Ruling upon such other matters as the court may deem just and appropriate.

13. The court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

14. Attendance at the Final Approval Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any action to indicate their approval of the proposed class action Settlement.

15. Class counsel shall file a motion for final approval of the Settlement no later than ***December 3, 2020***. Any request by class counsel for an award of attorneys' fees and expenses shall be filed ***August 25, 2020***, and that request shall be accompanied by supporting evidence to allow Class Members an opportunity to object to the fee motion itself before deciding whether to exclude themselves or object.

16. Each Settlement Class Member will have one-hundred-thirty (130) days from the date of this order to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant and filing with the Court, by the one-hundred-thirty (130) day deadline, a written objection to the Settlement.

17. Each Settlement Class Member who wishes to Opt-Out and be excluded from the settlement shall mail a letter to the Settlement Administrator. The written request must: (a) state the Class Member's full legal name, home address, telephone number, and Capital One account number(s); (b) include the words "I want to opt-out and understand I will

receive no money from the Settlement of this Action"; (c) be addressed to the Settlement Administrator; (d) be signed by the Class Member or their lawful representative; and (e) be postmarked to the Settlement Administrator no later than 130 days from the date of this order.

18. Each Settlement Class Member who wishes to object to the settlement must do so in writing.  The objection must: (a) state the Class Member's full legal name, home address, telephone number; (b) include the words "Notice of Objection" or "Formal Objection," state in clear and concise terms, the legal and factual arguments supporting the objection, and include a list identifying any witness(es) the objector may call to testify at the Fairness Hearing, as well as true and correct copies of any exhibit(s) the objector intends to offer (a "Written Objection Notice"); (c) indicate the number of times the objector has objected to a class action settlement in the past 5 years and the caption for any such case(s) and a copy of any orders related to or ruling upon the objector's prior objections issued by the trial and appellate courts in each case; (d) identify any counsel representing the objector; (e) identify the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date of the filed objection; (f) be directed to the Hon. Jeffrey T. Miller, United States District Court – Southern District of California, 221 West Broadway, Suite 5190, San Diego, California 92101, and must reference case number 3:18-cv-0692-JM-BGS; (e) be sent to the Settlement Administrator; (g) be signed by the Class Member or their lawful representative; and (g) be postmarked to the Settlement Administrator no later than 130 days after the date of this order.

19. If the Agreement is not finally approved for any reason, then this Order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

20. The parties may further modify the Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the Settlement

provided thereunder. The court may approve the Settlement Agreement with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

21. No later than **thirty (30) days** prior to the Final Approval hearing date, the Settlement Administrator shall file an affidavit and serve a copy on class counsel and defense counsel, regarding attesting that Notice was disseminated as required by the terms of the Agreement or as ordered by the court. This affidavit shall also inform the court of any requests for exclusion from the Class and objections or other reactions from Class Members received by the Settlement Administrator. The affidavit should provide a full report of the duties performed in support of the settlement administration costs.

22. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: June 16, 2020

_____
Hon. Jeffrey T. Miller
United States District Judge